UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

––––––––––––––––––––––––––––––

EDWARD B. HUBBUCH,

                    Plaintiff,           Case No.:_____-cv-_____

                            v.   **CV 25 - 1003**

CHARLES SMALL, *in his official capacity as*
*Chief Civil Clerk of Kings County Supreme Court*;

JOSEPH LEDDO, *in his official capacity as*    **COMPLAINT**
*Supervisor of E-File / Motion Support for*
*Kings County Supreme Court*;

BRITNEY REDD, *in her listed capacity as*
*Clerical Assistant for Kings County Supreme Court*;

and JOHN DOE(S), *unknown court staff involved in*    **[JURY TRIAL DEMANDED]**
*Procedural manipulation*,

                                 **CHEN, J.**

                Defendants.         **MERKL, M.J.**

––––––––––––––––––––––––––––––

<u>**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS**</u>

REC'D IN PRO SE OFFICE
FEB 21 '25 PM3:26

<u>**UNDER 42 U.S.C. § 1983**</u>

## <u>INTRODUCTION</u>

1. Plaintiff, Edward B. Hubbuch, brings this civil rights action under 42 U.S.C. §

1983 against Defendants CHARLES SMALL, JOSEPH LEDDO, BRITNEY

REDD and JOHN DOE(S) for violations of his constitutional rights under the

14th Amendment of the United States Constitution, including the denial of due

process and equal protection under the law.

2. Plaintiff has been subjected to systemic procedural irregularities, unexplained judicial actions, and administrative misconduct in his litigation before the New York Supreme Court for Kings County, depriving him of a fair hearing and the ability to fully and fairly litigate his claims.

3. This lawsuit seeks declaratory relief, injunctive relief, compensatory and punitive damages, and attorney's fees.

## JURISDICTION

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3)-(4) (civil rights violations).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this complaint occurred in Kings County, New York.

## PARTIES

6. Plaintiff Edward B. Hubbuch is a resident of Kings County, New York, and a *pro se* litigant subjected in this matter to procedural irregularities and due process violations in the Kings County Supreme Court. Plaintiff brings this action to vindicate his constitutional rights under the 14th Amendment and to hold the responsible parties accountable for the deprivation of those rights.

7. Defendant CHARLES SMALL is the Chief Clerk of the Kings County Supreme Court, Civil Term. In his official capacity, he is responsible for overseeing the court's administrative operations, ensuring proper docket management, and supervising court clerks and staff. Defendant SMALL, acting under color of state law, participated in or failed to prevent the procedural irregularities that deprived Plaintiff of due process and equal protection.

8. Defendant JOSEPH LEDDO is the Deputy Chief Clerk of the Kings County Supreme Court, Civil Term, and Supervisor for E-File / Motion Support. In his official capacity, he assists in managing court operations. Defendant LEDDO,

acting under color of state law, participated in or failed to prevent the improper reclassification of Plaintiff's motion and other procedural misconduct.

9. Defendant BRITNEY REDD, upon information and belief, is a Clerical Assistant in the Kings County Supreme Court, Civil Term. Also upon information and belief, Defendant REDD was directly responsible for improperly reclassifying Plaintiff's Motion for Reconsideration without notice or authority. Defendant REDD, acting under color of state law, engaged in procedural misconduct significantly harming Plaintiff's ability to seek relief.

10. Defendant JOHN DOE(S) are unknown employees of the Kings County Supreme Court Clerk's Office who participated in or enabled the improper reclassification of Plaintiff's motion, the premature entry of judgment, and other procedural irregularities that deprived Plaintiff of his constitutional rights. Their identities will be determined through discovery.

11. All Defendants are sued in their official capacities for their actions undertaken as employees and officers of the Kings County Supreme Court, Civil Term, acting under color of state law.

# FACTUAL ALLEGATIONS

12. Plaintiff is a *pro se* litigant in the matter of *Hubbuch v. Funding Metrics LLC* (Index No. 533031/2024) that is currently active in Kings County Supreme Court.

13. On February 7, 2025, Kings County Supreme Court Justice Gina Abadi issued an adverse ruling in Plaintiff's complaint that prompted Plaintiff to file a Motion for Reconsideration the same day via the New York State Courts Electronic Filing System ("NYSCEF"). *(See Judge Abadi's ruling attached as Exhibit '1' and Plaintiff's Notice of Motion for Reconsideration time-stamped 8:21 p.m. on February 7, 2025, by NYSCEF in bold, black letters in the upper left-hand corner attached as Exhibit '2')*

14. On the court's next business day, February 10, 2025, the clerk's office returned the Notice of Motion for Reconsideration to Plaintiff via an unsigned notice in NYSCEF at 8:16 a.m., with instructions to include the court's address and his requested return date for the motion and then refile it through NYSCEF. *(See court's unsigned notice of the corrections required for refiling attached as Exhibit '3')*

15. Plaintiff refiled the corrected Notice of Motion for Reconsideration with the court's address now listed and a requested return date of February 28, 2025. The court immediately accepted the corrected notice, marking it "Processed" in the complaint's official docket in NYSCEF.

16. However, just nine minutes later, Plaintiff was alarmed to receive an NYSCEF alert at 11:19 a.m. on February 10, 2025, that Defendant BRITNEY REDD had improperly and unilaterally reclassified his Motion for Reconsideration to a Motion to Vacate and had uniltarally changed Plaintiff's requested return date from February 28, 2025, all the way out to May 7, 2025. (*See NYSCEF alert of uniltateral reclassification by Britney Redd attached as Exhibit '4'*)

17. This improper reclassification delayed Plaintiff's ability to seek relief, and the correction of this error was done without notice or explanation, in violation of fundamental principles of due process. (See *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982), stating that due process requires procedural safeguards when a litigant's rights are affected)

18. Limited state personnel records available to Plaintiff show that Defendant BRITNEY REDD is a low-level clerical assistant for the Kings County Supreme Court. However, REDD was listed in NYSCEF as the party responsible for making the procedural changes to Plaintiff's motion, despite REDD clearly lacking the authority to do so. Such an unauthorized modification of court filings by an unqualified individual is improper because court clerks do not possess judicial discretion and cannot alter substantive legal matters without authorization. (See *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010), stating that clerks may not make discretionary legal decisions)

19. Plaintiff was never notified of the changes to his motion, nor was he consulted before the improper reclassification, violating his right to meaningful notice and an opportunity to be heard. (See *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), which requires notice that is reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections)

20. The return date for Plaintiff's Motion for Reconsideration being set for an excessively long delay (May 7, 2025) further prejudices his ability to obtain relief. Such excessive delay in adjudicating a motion violates due process principles, as undue delays impair the right to a fair and expeditious resolution. (See *Barker v. Wingo*, 407 U.S. 514, 530 (1972), stating that length of delay must be considered in due process analysis)

21. Plaintiff was further alarmed at 11:47 a.m. on February 10, 2025—just 28 minutes after Defendant BRITNEY REDD had unilaterally reclassified his motion—when he was notified via NYSCEF that Judge Abadi's judgement in Plaintiff's case had been officially entered into its NYSCEF docket. (*See the judgement and the alert to Plaintiff of the judgement's entry attached as Exhibits '5' and '6'*)

22. The entry of Judge Abadi's judgment into the NYSCEF docket on February 10, 2025, was highly irregular and prejudicial because courts typically delay judgment entry when a Motion for Reconsideration is pending, as the motion itself calls into question the validity of the judgment. By rushing to enter judgment before Plaintiff's motion could even be considered, the court

deprived Plaintiff of an opportunity to seek immediate relief. (See *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972), stating that due process requires an opportunity to be heard before the deprivation of a significant right)

23. Courts generally do not enter final judgments when a reconsideration motion is pending unless explicitly ruled upon. In this case, judgment was entered before Plaintiff's Motion for Reconsideration could even be fully processed, thereby denying Plaintiff the right to challenge the judgement before it became final.

24. Plaintiff's alarm then grew even further at 1:49 p.m. on February 10, 2025— just two hours after Judge Abadi's judgement was improperly entered into the case docket in NYSCEF—one of the original defendants in Plaintiff's case who was being dismissed by Judge Abadi in the judgement, CHRISTOPHER R. MURRAY, filed a Notice of Entry into the case's NYSCEF docket. *(See Christopher R. Murray's Notice of Entry and the alert to Plaintiff of the notice of entry attached as Exhibits '7' and '8')*

25. The processing of CHRISTOPHER R. MURRAY's Notice of Entry also unfairly disadvantaged Plaintiff procedurally, as it initiated the timeframe for

appeal or further legal action without affording Plaintiff a meaningful opportunity to challenge the judgment's entry before Plaintiff's 30-day "appeal clock" started running. (See *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965), stating that due process requires timely and meaningful notice before legal rights are impacted)

26. As previously noted, the return date for Plaintiff's Motion for Reconsideration was changed without explanation from his request of February 28, 2025, all the way out to May 7, 2025. However, the Notice of Entry filed by CHRISTOPHER R. MURRAY on February 10, 2025, initiated a 30-day appeal period that officially closes on March 12, 2025—a full 58 days before Plaintiff's Motion for Reconsideration is scheduled to be heard. This timing discrepancy unfairly prejudices Plaintiff's right to appeal, as his appeal window will shut before the return date of Plaintiff's Motion for Reconsideration.

27. Entering judgment and accepting the Notice of Entry while Plaintiff's Motion for Reconsideration is still pending constitutes a significant procedural irregularity and clearly denies Plaintiff his right to due process. Courts

logically delay entering judgments when reconsideration motions are pending to ensure that litigants have a fair opportunity to challenge adverse rulings. The unexplained actions taken by the Defendants in this case undermine the principles of fairness and due process guaranteed to Plaintiff under the 14th Amendment.

28. Shortly after judgement was improperly entered, Plaintiff wrote a letter to Judge Abadi protesting all of the irregularities he had observed since her ruling three days earlier and demanding that the improper reclassification of his motion be rescinded. Plaintiff filed this letter into the case docket in NYSCEF at 1:33 p.m. on February 10, 2025. (*See Plaintiff's letter time-stamped by NYSCEF attached as Exhibit '9'*)

29. Two days later, on February 12, 2025, after noting that his motion continued to be improperly classified as a Motion to Vacate and that his letter remained marked as "pending" in the NYSCEF docket, Plaintiff personally visited the Motion Department of Kings County Supreme Court to seek an explanation for all of the procedural and clerical improprieties in this case.

30. During this visit, Plaintiff queried Defendant JOHN DOE if he could ask who in the office had ordered the improper NYSCEF changes in his case. The unidentified clerk responded loudly, *"No, you may not!"*

31. When Plaintiff continued to press forward with his attempt to investigate, the the clerk subsequently stated that Plaintiff's motion was *"in the process of being classified back"* to a Motion for Reconsideration, and that Plaintiff would soon receive an email alert via NYSCEF confirming the change.

32. Although Plaintiff never received any such NYSCEF alert, Plaintiff noted the next day—February 13, 2025—that his motion had been reclassified. However, despite this correction, his letter to Judge Abadi remained pending, and both the judgment and Notice of Entry continued to be marked as "processed" in the docket, despite the pending reconsideration motion.

33. This was procedurally improper because a pending Motion for Reconsideration by rule prohibits enforceability of the judgment. (See *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), stating that due process requires that procedural mechanisms allow for meaningful review before adverse actions become final)

34. Plaintiff's subsequent efforts to escalate the issue by exercising his civil right to direct contact with court administrators—including Defendants CHARLES SMALL and JOSEPH LEDDO—were met with deliberate obfuscation and procedural roadblocks at every turn.

35. After Plaintiff made a second fruitless visit to meet with Defendant JOSEPH LEDDO at the Motion Department on February 14, 2025, Plaintiff attempted to speak to Defendant CHARLES SMALL about this matter in his office at Kings County Supreme Court on the court's next business day, February 18, 2025.

36. Despite being a Kings County resident and a litigant actively seeking to resolve procedural irregularities in his case, Plaintiff was summarily denied access to Defendant CHARLES SMALL. An armed court officer assigned to SMALL's office tersely informed Plaintiff that the only way to request an appointment with SMALL was by email—an arbitrary and unnecessary bureaucratic hurdle, particularly given that Plaintiff had already brought a physical letter requesting a meeting. (*See Plaintiff's letter to Charles Small attached as Exhibit '10'*)

37. The refusal to even accept Plaintiff's written request for an appointment—by requiring email submission instead—also created an unnecessary and improper procedural hurdle. That an armed court officer was used to enforce this refusal suggests an intentional effort to obstruct Plaintiff's access to court administration and highlights the systemic hostility toward *pro se* litigants attempting to exercise their legal rights.

38. Also on February 18, 2025, Plaintiff followed the armed officer's instructions and emailed the letter from Plaintiff seeking an appointment with Defendant CHARLES SMALL. However, Plaintiff to date has not received a response from SMALL nor his office to this request for an appointment, which SMALL is required by law to grant.

39. At the time of this filing, although Plaintiff's Letter for Consideration is no longer marked "pending," both the judgement and CHRISTOPHER R. MURRAY's Notice of Entry remain in the docket and marked "processed" despite Plaintiff's pending Motion for Reconsideration. Again, this is improper under the court's procedural rules. (*See a February 21, 2025, screenshot of the case's full NYSCEF docket attached as Exhibit '11'*)

40. Judge Abadi's handling of Plaintiff's case itself also has raised significant concerns about due process violations, including her issuance of an illogical ruling that forces Plaintiff to litigate identical facts in two separate cases in the same court, creating an appeal-proof procedural nightmare.

41. These irregularities are not mere clerical errors but reflect a broader, systemic bias against *pro se* litigants, who routinely face heightened procedural roadblocks compared to represented parties. The deliberate obfuscation, unexplained reclassification of filings, and refusal to provide basic administrative transparency amount to a systematic effort to disadvantage *pro se* litigants, violating Plaintiff's right to equal protection under the law.

# CAUSES OF ACTION

## COUNT 1
## Denial of Due Process (14th Amendment) - 42 U.S.C. § 1983

42. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

43. Defendants, acting under color of state law, deprived Plaintiff of his constitutional right to due process by improperly reclassifying his motion, failing to provide timely notice of key procedural decisions, entering judgment prematurely, and obstructing Plaintiff's attempts to address these irregularities.

44. Defendants' actions, including unexplained delays, refusal to provide information, and the use of procedural hurdles to prevent Plaintiff from addressing his concerns, denied Plaintiff a meaningful opportunity to be heard and access to a fair judicial process, in violation of clearly established law. (See *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970), stating that due process requires "an opportunity to be heard at a meaningful time and in a meaningful manner"); and *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006))

# COUNT 2
## Denial of Equal Protection (14th Amendment) – 42 U.S.C. § 1983

45. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

46. Plaintiff, as a *pro se* litigant, has been subjected to systemic procedural obstacles, disparate treatment, and institutional obstruction that have impeded his ability to seek relief on equal footing with represented litigants.

47. The irregular and prejudicial handling of Plaintiff's filings, including the unilateral modification of his motion, the unexplained delay in addressing his concerns, and the refusal to grant an administrative meeting, constitute disparate treatment that has denied Plaintiff equal access to the courts. (See *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), stating that equal protection applies where a government actor treats similarly situated individuals differently without a rational basis)

## COUNT 3
## Conspiracy to Violate Constitutional Rights — 42 U.S.C. § 1983

48. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

49. Upon information and belief, Defendants conspired to manipulate court procedures to Plaintiff's disadvantage by reclassifying his motion, delaying its resolution, and enabling an attorney to gain a procedural advantage through irregular means.

50. The coordination between the improper judgment entry, the Notice of Entry filing, and the resistance Plaintiff encountered in attempting to address these irregularities strongly suggests an agreement among Defendants to interfere with Plaintiff's rights, resulting in tangible harm. (See *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007), stating that a civil rights conspiracy requires showing of agreement and concerted action to violate constitutional rights)

# RELIEF REQUESTED

**WHEREFORE**, Plaintiff Edward B. Hubbuch requests the following relief:

1. A declaratory judgment that Defendants violated Plaintiff's due process and equal protection rights under the 14th Amendment;

2. An injunction preventing further procedural manipulation in Plaintiff's case and requiring full transparency in all future court actions, including a requirement that procedural changes be communicated in advance to affected litigants;

3. Compensatory damages in an amount to be determined at trial;

4. Punitive damages against Defendants for willful misconduct and bad-faith actions, as evidenced by their intentional obstruction and procedural irregularities;

5. Legal fees and costs pursuant to 42 U.S.C. § 1988;

6. Sanctions against the Defendants for engaging in procedural misconduct, including but not limited to, improper reclassification of filings, obstruction of administrative access, and deliberate procedural delays that disadvantaged Plaintiff; and

7. Any further relief as the Court deems just and proper.

# JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by jury.

Dated: February 21, 2025
Brooklyn, New York

Respectfully submitted,

EDWARD B. HUBBUCH
394 Lincoln Place #A5
Brooklyn, New York 1123
(646) 544-7597
bhubbuch@gmail.com

*Pro se*

# EXHIBIT 1

At an I.A.S. Trial Term, Part 18 of the Supreme
Court of the State of New York, held in and for the
County of Kings, at the Courthouse, located at
Civic Center, Borough of Brooklyn, City and State
of New York, on the 5th day of Feb 2025

P R E S E N T :
Hon. Gina Abadi
_____
Justice

Hubbuch, Edward B.
                                    Plaintiff(s)        Cal. No. 15, 43, 45
                                                        Index No. 533031/2024
- against -

Murray, Christopher R. and
Finday Metries LLC.
                                    Defendant(s)

| The following papers numbered 1 to    read on this motion | NYSCEF Papers Numbered |
|---|---|
| Notice of Motion - Order to Show Cause and Affidavits (Affirmations) Annexed | 21- 33, 35-37, 44-45 |
| Answering Affidavit (Affirmation) | 34, 48, 50, 52 |
| Reply Affidavit (Affirmation) | 50, 53, 54-55 |
| Affidavit (Affirmation) | |
| Pleadings - Exhibits | |
| Stipulations - Minutes | |
| Filed Papers | |

After oral arguments

Defendant Murray's motion (Seq #2) to dismiss pursuant to CPLR §3211(G)(7) is granted to the extent that the alleged defamatory statement constitutes a non-actionable opinion. See Tsamasivos v. Jones, 232 AD 3d 816 (2 Dept 2024). Defendant Murray's motion for attorney's fees and costs pursuant to Anti-Slapp procedure set forth in CPLR §3211(g) is denied as the email was directed only to a limited private audience as a matter of purely private concern. See Tsamasivos, 232 AD3d 816 (2d 2024). Plaintiff's motion (Seq #3) to strike defendant Murray's letter and exhibit and for sanctions and costs is denied. Plaintiff's motion (Seq #4) to dismiss and strike counterclaims is denied in its entirety. The caption is amended to reflect the dismissal of defendant Christopher R. Murray. The new caption shall read:

For Clerks use only

MGEXT (MS 2)

MD 3,4

Motion Seq. #

2,3,4

Edward B. Hubbuch
                        Plaintiff,
            v.
Finday Metries LLC
                        Defendant

E N T E R

                                    J.S.C.

EJV-rev 11-04

HON. GINA ABADI
J.S.C.

1 of 1

# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

EDWARD B. HUBBUCH,

                                        Plaintiff,          Index No.: 533031/2024

v.

                                                            **NOTICE OF**
                                                            **MOTION FOR**
                                                            **RECONSIDERATION**

FUNDING METRICS LLC,

                                        Defendants.

---

**PLAINTIFF'S NOTICE OF MOTION FOR RECONSIDERATION**

**PLEASE TAKE NOTICE** that upon the accompanying Affirmation in Support of

Plaintiff's Motion for Reconsideration, and upon all prior papers and proceedings

in this action, Plaintiff Edward B. Hubbuch, proceeding *pro se*, will move this

Court at the IAS Part at 360 Adams Street, Brooklyn, New York, 11201, on

February 26, 2025, at 9:30 a.m., or as soon thereafter as counsel may be heard, for

an Order pursuant to CPLR §§ 2221(d) & (e):

1. Vacating the Court's February 7, 2025, Order to the extent that it:

   - Improperly dismissed Defendant Christopher R. Murray from this action based on the erroneous conclusion that the alleged defamatory statement constitutes a non-actionable opinion;

   - Failed to provide any legal reasoning for denying Plaintiff's motion to strike Murray's motion and exhibit and for sanctions and costs;

   - Failed to provide any legal reasoning for denying Plaintiff's motion to dismiss and strike Defendants' counterclaims, despite clear evidence that they are duplicative and retaliatory in nature;

   - Failed to strike the inadmissible settlement letter submitted by Defendant Murray, despite CPLR § 4547 barring settlement communications as evidence;

   - Failed to properly address Defendant Murray's jurisdictionally improper attempt to invoke Pennsylvania's Anti-SLAPP law in a New York court;

   - Issued a one-page, handwritten ruling on multiple dispositive motions that was nearly illegible and with no legal reasoning, thus failing to meet the standard required under CPLR § 2219(a) mandating that courts provide clear, written decisions explaining their legal rationale; and

   - Pre-wrote its ruling before hearing arguments from both parties at the oral hearing this Court itself had mandated, thus clearly depriving Plaintiff of his right to due process under the U.S. Constitution.

2. Issuing a properly reasoned, typewritten decision that fully complies with CPLR § 2219(a), ensuring that the ruling is clear, legible, reviewable, and consistent with New York law.

3. Granting such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that, in light of these serious procedural deficiencies, should this Motion for Reconsideration be denied, Plaintiff will have no choice but to immediately seek appellate relief and to immediately file a formal complaint with the New York State Commission on Judicial Conduct to ensure proper judicial oversight.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to CPLR § 2214(b), answering papers, if any, shall be served upon Plaintiff no later than seven (7) days before the return date of this motion.

Dated: February 10, 2025
Brooklyn, New York

Respectfully submitted,

EDWARD B. HUBBUCH
394 Lincoln Place #A5
Brooklyn, N.Y. 11238
(646) 544-7597
bart@getmemphisseoul.com

*Pro se*

# EXHIBIT 3

**From:** efile@nycourts.gov
**Subject:** NYSCEF Alert: Kings - Torts - Other - 533031/2024 (Edward B Hubbuch v. Funding Metrics LLC)
**Date:** February 10, 2025 at 8:16 AM
**To:** bart@getmemphisseoul.com, cmurray@murraylegalpllc.com, cmurrayesq@gmail.com



# Kings County Supreme Court

The court has returned the documents listed below for the following reasons: The Motion submitted has a missing or incorrect return date. The Court and the Court's address must be listed in the motion.

## Follow the steps below to correct your filing:

1. Make the corrections to your document as instructed in this email, then save it as a PDF.
2. Log into NYSCEF with the same ID that was used to file the original document.
3. Search for the case or select My Cases, then select the case to bring up the Document List.
4. On the Document List, find the "Refile Document" link under the document you need to correct, and attach the corrected document.

## Case Information

Index #: **533031/2024**
Caption: **Edward B Hubbuch v. Funding Metrics LLC**
eFiling Status: **Full Participation Recorded**
Assigned Case Judge: **Gina Abadi**

## Documents Returned on 02/10/2025 08:16 AM

| Doc # | Document | Filed Date |
|---|---|---|
| 59 | NOTICE OF MOTION<br>Motion for Reconsideration of the Courts February 7, 2025, Order due to procedural errors, due process violations, and failure to provide reasoning under CPLR 2219(a). Affirmation in Support and Memorandum of Law to follow. | 02/07/2025 |

## E-mail Notifications Sent

| Name | Email Address |
|---|---|

Edward B Hubbuch                    bart@getmemphisseoul.com

CHRISTOPHER RYAN MURRAY            cmurray@murraylegalpllc.com

## Filing User

**Edward B Hubbuch** | bart@getmemphisseoul.com | 394 Lincoln Place, A5, Brooklyn, NY 11238

**NOTICE:** *This e-mail is intended only for the named recipient and for the purposes of the New York State Courts E-Filing System. If you are neither the intended recipient nor a person designated to receive messages on behalf of the intended recipient, notify the sender immediately.*

*If you are unsure of the contents or origin of this email, it is advised to NOT click on any links provided. Instead, log into your NYSCEF account to access the documents referred to in this*

# EXHIBIT 4

**From:** efile@nycourts.gov
**Subject:** NYSCEF Alert: Kings - Torts - Other - 533031/2024 (Edward B Hubbuch v. Funding Metrics LLC)
**Date:** February 10, 2025 at 11:19 AM
**To:** cmurray@murraylegalpllc.com, cmurrayesq@gmail.com, bart@getmemphisseoul.com

 # Kings County Supreme Court

On 02/10/2025, Britney Redd **made a change to Document #59** - NOTICE OF MOTION.

1. A Motion Number was assigned: 5.
2. The Main Relief was changed from RENEW/REARGUE/RESETTLE/RECONSIDER to VACATE - DECISION/ORDER/JUDGMENT/AWARD.
3. The Return Date was changed from 02/28/2025 to 05/07/2025.
4. A Motion Judge was assigned: Gina Abadi.

## Case Information

Index #: **533031/2024**
Caption: **Edward B Hubbuch v. Funding Metrics LLC**
Assigned Case Judge: **Gina Abadi**

## Motion Information

Document #: **59**
Document Type: **NOTICE OF MOTION**
Additional Document Information: **Motion for Reconsideration of the Courts February 7, 2025, Order due to procedural errors, due process violations, and failure to provide reasoning under CPLR 2219(a). Affirmation in Support and Memorandum of Law to follow.**
Motion #: **5**
Relief Sought: **Vacate - Decision/Order/Judgment/Award**
Return Date: **05/07/2025**
Filed Date: **02/07/2025**
Assigned Motion Judge: **Gina Abadi**

## E-mail Notifications Sent

| Name | Email Address |
| --- | --- |

CHRISTOPHER RYAN MURRAY

cmurray@murraylegalpllc.com

Edward B Hubbuch

bart@getmemphisseoul.com

## Filing User

**Edward B Hubbuch** | bart@getmemphisseoul.com | 394 Lincoln Place,  A5, Brooklyn, NY 11238

*NOTICE:* *This e-mail is intended only for the named recipient and for the purposes of the New York State Courts E-Filing System. If you are neither the intended recipient nor a person designated to receive messages on behalf of the intended recipient, notify the sender immediately.*

*If you are unsure of the contents or origin of this email, it is advised to NOT click on any links provided. Instead, log into your NYSCEF account to access the documents referred to in this*

# EXHIBIT 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
EDWARD B. HUBBUCH,

                    Plaintiff,      Index No.: 533031/2024

     -against-

FUNDING METRICS LLC,              **JUDGMENT OF DISMISSAL**

                    Defendant.
-----------------------------------------------------------------X

WHEREAS, this action was commenced by Plaintiff, EDWARD B. HUBBUCH, by the filing of a Summons and Complaint on December 5, 2024 (NYSCEF Docs. 1-3) and the filing of an Amended Complaint on December 12, 2024 (NYSCEF Doc. 9)

WHEREAS, Christopher R. Murray filed a motion to dismiss the claims against him on January 6, 2025 (NYSCEF Docs. 21-33); and the Court having issued an Order dated February 5, 2025 and entered by the Clerk on February 7, 2025 (NYSCEF Doc. 56) granting Mr. Murray's motion to dismiss the action against him pursuant to CPLR 3211(a)(7);

NOW, upon the application of Christopher R. Murray for the entry of a Judgment of dismissal, and pursuant to the Order dated February 5, 2025, which granted his Motion, it is:

ADJUDGED, that this action, filed by Plaintiff, EDWARD B. HUBBUCH (394 Lincoln Place, #A5, Brooklyn, New York, 11238) is dismissed in its entirety against Christopher R. Murray (170 Old Country Rd., Suite 608, Mineola, New York 11501).

                        **ENTER:**

Dated:   **Feb.   10 th   2025**
       Brooklyn, New York           *Nancy T. Sunshine*
                                 , Clerk

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

EDWARD B. HUBBUCH,

Plaintiff,          Index No.: 533031/2024

-against-

FUNDING METRICS LLC,                              **JUDGMENT**

Defendant.

-------------------------------------------------------------------X

## JUDGMENT OF DISMISSAL

EDWARD B. HUBBUCH
394 Lincoln Place, #A5, Brooklyn, New York, 11238

FUNDING METRICS, LLC
3220 Tillman Drive, Suite 200
Bensalem, Pa, 19020

CHRISTOPHER R. MURRAY
170 Old Country Rd., Suite 608, Mineola, New York 11501

# EXHIBIT 6

**From:** efile@nycourts.gov
**Subject:** NYSCEF Notification: Kings - Torts - Other - Notification from Court 533031/2024 (Edward B Hubbuch v. Funding Metrics LLC)
**Date:** February 10, 2025 at 11:47 AM
**To:** cmurray@murraylegalpllc.com, cmurrayesq@gmail.com, bart@getmemphisseoul.com

 # Kings County Supreme Court

The NYSCEF System has received the documents listed below from a court user. Please keep this notice as a confirmation of this filing.

## Case Information

Index #: **533031/2024**
Caption: **Edward B Hubbuch v. Funding Metrics LLC**
eFiling Status: **Full Participation Recorded**
Assigned Case Judge: **Gina Abadi**

## Documents Received

| Doc # | Document | Received Date |
|---|---|---|
| 61 | JUDGMENT<br>JUDGMENT entered in the office of the County Clerk on February 10, 2025 | 02/10/2025 |

## E-mail Notifications Sent

| Name | Email Address |
|---|---|
| CHRISTOPHER RYAN MURRAY | cmurray@murraylegalpllc.com |
| Edward B Hubbuch | bart@getmemphisseoul.com |

## Order and Judgment Filings

Please note that a document referred to in this message is an order or judgment that has been uploaded to NYSCEF. You may access the order/judgment by clicking the document type link (above). If a file stamp does not appear on the document, the order/judgment will remain in pending status until entered by the County Clerk. You may continue to access the document by this link to verify that the file stamp has been affixed or visit the list of documents to reference the order or judgment

order of judgment.

Unless otherwise directed by the court, receipt of this notification does not constitute service of the referenced order/judgment upon any party. For e-filing rules regarding service of an order/judgment with notice of entry, see 202.5-b(h)(2).

**Emergency Applications**
For Emergency Applications made after 5 p.m. or on days when the court is closed, please call 800-430-8457 or email emergency@nycourts.gov.

**NOTICE:** This e-mail is intended only for the named recipient and for the purposes of the New York State Courts E-Filing System. If you are neither the intended recipient nor a person designated to receive messages on behalf of the intended recipient, notify the sender immediately.

**If you are unsure of the contents or origin of this email, it is advised to NOT click on any links provided. Instead, log into your NYSCEF account to access the documents referred to in this email. Thank you.**

**Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court**
**Phone:** Phone: 347-404-9762 **Email:** kcco-efile@nycourts.gov

# EXHIBIT 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

EDWARD B. HUBBUCH,

Plaintiff,      Index No.: 533031/2024

-against-

FUNDING METRICS LLC,      **NOTICE OF ENTRY**

Defendant.
-------------------------------------------------------------------X

PLEASE TAKE NOTICE THAT the accompanying Order of the Hon. Gina Abadi, J.S.C.,

dated February 5, 2025, was entered by the Clerk in Kings County on February 7, 2025.

Dated: February 7, 2025

By: ___ */s/ Christopher R. Murray* ___
Christopher R. Murray, Esq.
Murray Legal, PLLC
*Attorneys for Defendant*
170 Old Country Road, Suite 608
Mineola, New York 11501
Telephone: (516) 260-7367
E-Mail: cmurray@murraylegalpllc.com

**To Via NYSCEF:**
*Plaintiff*
EDWARD B. HUBBUCH

# EXHIBIT 8

From: efile@nycourts.gov
Subject: NYSCEF Notification: Kings - Torts - Other - 533031/2024 (Edward B Hubbuch v. Funding Metrics LLC)
Date: February 10, 2025 at 1:49 PM
To: cmurray@murraylegalpllc.com, cmurrayesq@gmail.com, bart@getmemphisseoul.com



# Kings County Supreme Court

The NYSCEF System has received the documents listed below from filing user CHRISTOPHER RYAN MURRAY . Please keep this notice as a confirmation of this filing.

## Case Information

Index #: **533031/2024**
Caption: **Edward B Hubbuch v. Funding Metrics LLC**
eFiling Status: **Full Participation Recorded**
Assigned Case Judge: **Gina Abadi**

## Documents Received

| Doc # | Document | Received Date |
|-------|----------|---------------|
| 63 | NOTICE OF ENTRY | 02/10/2025 |

## E-mail Service Notifications Sent

| Name | Email Address |
|------|---------------|
| CHRISTOPHER RYAN MURRAY | cmurray@murraylegalpllc.com |
| Edward B Hubbuch | bart@getmemphisseoul.com |

## Filing User

**CHRISTOPHER RYAN MURRAY** | cmurray@murraylegalpllc.com | (516) 260-7367 | 170 Old Country Road,  Suite 608, Mineola, NY 11501

---

**Emergency Applications**
For Emergency Applications made after 5 p.m. or on days when the court is closed, please call 800-430-8457 or email emergency@nycourts.gov.

**NOTICE:** This e-mail is intended only for the named recipient and for the purposes of the New York State Courts E-Filing System. If you are neither the intended recipient nor a person designated to receive messages on behalf of the intended recipient, notify the sender immediately.

*If you are unsure of the contents or origin of this email, it is advised to NOT click on any links provided. Instead, log into your NYSCEF account to access the documents referred to in this email. Thank you.*

**Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court**
**Phone:** Phone: 347-404-9762 **Email:** kcco-efile@nycourts.gov

# EXHIBIT 9

# EDWARD B. HUBBUCH

394 LINCOLN PLACE, APT. A5
BROOKLYN, N.Y. 11238

<u>Via NYSCEF & COURTESY COPY TO CHAMBERS</u>

February 10, 2025

Hon. Gina Abadi
Supreme Court of the State of New York
Kings County Civil Term
360 Adams Street
Brooklyn, N.Y. 11201

**Re: Formal Objection to Improper Reclassification of Motion, Rushed Entry of Judgement & Request for Immediate Hearing**

**Case: _Hubbuch v. Funding Metrics LLC_ (Index No.: 533031/2024)**

Dear Judge Abadi,

I write to formally register my strongest possible objection to the shocking and very serious procedural irregularities that have occurred in this matter just within the previous four hours of the filing of this correspondence:

## 1. The Court Improperly Reclassified My Motion for Reconsideration Without Notice or Consent

1. I properly filed a Motion for Reconsideration pursuant to CPLR §§ 2221(d) & (e) seeking review of the Court's February 5, 2025, Order that was issued on February 7, 2025;

2. Without notice or permission, my motion was unilaterally reclassified by the Court after filing into NYSCEF as a Motion to Vacate under CPLR § 5015(a). This is a clear violation of my constitutional right to due process because I was never informed of this reclassification nor given an opportunity to respond; and

3. I respectfully demand that my Motion for Reconsideration be heard as originally filed under CPLR § 2221 because a court cannot *sua sponte* reclassify a motion without affording the movant an opportunity to be heard. (See *Rosenblatt v. St. George Health & Racquetball Assoc., LLC*, 119 A.D.3d 45 (2d Dep't 2014)).

## 2. The Clerk Rushed to Enter Judgment Just 37 Minutes After My Corrected Motion Was Filed

1. I timely filed a corrected Notice of Motion for Reconsideration at 11:10 a.m. on February 10, 2025, in full compliance with the corrections requested by the Court that were sent to me less than three hours earlier at 8:16 a.m. on February 10, 2025;

2. Shockingly, the Clerk then entered judgment at 11:47 a.m. on February 10, 2025—just 37 minutes later—before my Motion for Reconsideration could even be reviewed;

3. A judgment entered while a reconsideration motion is pending is procedurally improper and must be vacated under CPLR § 5015(a). (See *Matter of Owens v. Stuart*, 292 A.D.2d 677 (3d Dep't 2002), stating that judgment should not be entered while a valid motion for reconsideration is pending).

4. This startling sequence of events suggests a deliberate attempt to preempt my demand for reconsideration of this matter and raises serious concerns about procedural fairness.

## Request for Immediate Hearing

Given these due process violations and fundamental procedural irregularities, I respectfully request:

- That the Court immediately clarify that my Motion for Reconsideration must be reviewed under CPLR § 2221 as originally filed;

- That the Court stay enforcement of the February 10, 2025, judgment pending full resolution of my reconsideration motion; and

- That the Court schedule an immediate hearing to address these due process violations and procedural irregularities.

Should the Court decline to take corrective action, I reserve all rights, including but not limited to:

- Filing an emergency Motion to Vacate the judgment pursuant to CPLR § 5015(a);

- Seeking relief from the Second Division Appellate Court; and

- Filing a formal complaint with the Commission on Judicial Conduct regarding these specific procedural deficiencies, as well as the numerous other disturbing irregularities I continue to document in this litigation.

This matter implicates fundamental due process rights, and I trust that the Court will promptly take corrective action to ensure procedural fairness.

Sincerely,

Edward B. Hubbuch

# EXHIBIT 10

# EDWARD B. HUBBUCH

394 LINCOLN PLACE, APT. A5
BROOKLYN, N.Y. 11238
(646) 544-7597

February 18, 2025

Mr. Charles Small, Esq.
Chief Clerk for Civil Matters
Kings County Supreme Court
Brooklyn, N.Y. 11201

**RE: Formal Demand for In-Person Meeting Regarding The Numerous Procedural NYSCEF Irregularities in Case Index No. 533031/2024**

Dear Mr. Small,

I appeared at your office today to request an in-person meeting regarding numerous and serious procedural irregularities in my case *Hubbuch v. Funding Metrics LLC* (Index No. 533031/2024), but you were unavailable.

As a result, I submit this letter to formally demand an appointment with you at your earliest convenience. Failure to meet with me will result in immediate escalation to the Office of Court Administration, the Inspector General, and other oversight bodies, and I will also file a Freedom of Information Law (FOIL) request to obtain all internal communications and records related to my case.

**Procedural Irregularities That Must Be Addressed:**

1. **Improper Reclassification of My Motion For Reconsideration**

   - My Motion for Reconsideration filed February 7, 2025, was improperly reclassified as a Motion to Vacate without my knowledge or consent on February 10, 2025, then changed back without notice on February 13, 2025, after I visited the Motion Department in person to complain. Who authorized these reclassifications and why were they done without my consultation or permission?

## 2. Unauthorized Access by Britney Redd

- The first NYSCEF notice alerting me to the reclassification of my motion attributed it to "Britney Redd." I subsequently learned that Ms. Redd is a low-level clerical assistant. How did a clerical assistant gain access to my motion and the authority to alter it in NYSCEF? Who instructed her?

## 3. Failure to Stay Judgment

- Why does the judgment entered on February 10, 2025, remain listed as "processed" and active in NYSCEF while my Motion for Reconsideration — which was filed into NYSCEF before judgement was entered — is still pending?

## 4. Unreasonably Long Return Date

- Why was the return date of my Motion for Reconsideration moved from my request of February 26, 2025, all the way out to May 7, 2025 — an excessively long delay that prejudices me? Why has this not been changed back to earlier date?

## 5. Pending Letter to the Judge

- Why is my February 7, 2025, letter to the judge complaining of numerous irregularities in this case still listed as "pending" in the docket in NYSCEF while other subsequent filings have been processed?

## 6. Suspicious Timing Suggesting *Ex Parte* Communication

- The speed with which original defendant Christopher Murray filed his Notice of Entry after the improper judgment entry on February 10, 2025, strongly suggests potential *ex parte* communication. Was he informed before I was?

## Demands:

- A face-to-face meeting with you to discuss these irregularities.
- Written documentation addressing each concern.

If you refuse, I will escalate immediately to the appropriate authorities, file a FOIL request to uncover all communications related to my case, and may seek media attention to expose these irregularities.

This letter is an official demand for transparency and accountability. I expect a prompt response.

Sincerely,

Edward B. Hubbuch
Plaintiff, *pro se*
(646) 544-7597

# EXHIBIT 11

**Home**
NYSCEF

Home
Unrepresented Litigants

**File Documents**
Appellate Court
Civil Court
Court of Claims
Criminal Court
Digital Submission
Family Court
Supreme Court
Surrogate Court
Town & Village Court

**Cases**
My Cases
My Digital Content
Remove Consent
Surrogate Search
Case Search

**Resources**
Forms
PDF Checker
Authorized Courts
Available Documents
Rules & Legislation
Protocols
NYSCEF Updates

**My Account**
Account Settings
Logout

## 533031/2024 - Kings County Supreme Court



Short Caption: **Edward B Hubbuch v. Funding Metrics LLC**
Case Type: Torts - Other (Defamation)
Case Status: **Active**
e-Filing Status: **Full Participation Recorded**
Assigned Judge: Gina Abadi

 E-mail Participating Parties

⚠ **Documents Returned for Correction**
This case has 2 documents that have been returned for correction. Click the "Refile Document" link that is located under the document.

**Document List**  Case Detail  Comments

**Narrow By Options**

File to this Case    🖶 Print Document List

| | |
|---|---|
| Document Type: [ ⌄ ] | Filed By: [ ⌄ ] |
| Motion Info: [ ⌄ ] | Filed Date: [ 🗓 ] thru [ 🗓 ] |
| Document #: [ ] | |

[ Narrow Document List ]  [ Clear ]    Show Motion Folders ONLY

Sort By: [ Document # ⌄ ]  [ Sort ]

| # | Document | Filed By | Status |
|---|---|---|---|
| 1 | **SUMMONS** | Hubbuch, E. (Pro Hac / Pro Se) Filed: 12/05/2024 Received: 12/05/2024 | **Processed** Confirmation Notice |
| 2 | **COMPLAINT** Action for defamation per se arising from false and prejudicial statements made by the defendants in ... show more | Hubbuch, E. (Pro Hac / Pro Se) Filed: 12/05/2024 Received: 12/05/2024 | **Processed** Confirmation Notice |
| 3 | **EXHIBIT(S)** - 1 Email from Defendant Christopher Murray sent to the Dispute Resolution Institute, wherein Defendant ... show more | Hubbuch, E. (Pro Hac / Pro Se) Filed: 12/05/2024 Received: 12/05/2024 | **Processed** Confirmation Notice |
| 4 | **CONSENT TO EFILING** Consent to Electronic Filing | Hubbuch, E. (Pro Hac / Pro Se) Filed: 12/05/2024 Received: 12/05/2024 | **Processed** Confirmation Notice |
| 5 | **LETTER / CORRESPONDENCE TO JUDGE** Request for Court Intervention Regarding Harassing and Distressing Communications from Opposing Coun ... show more | Hubbuch, E. (Pro Hac / Pro Se) Filed: 12/06/2024 Received: 12/06/2024 | **Processed** Confirmation Notice |
| 6 | *** DELETED: FILING ERROR *** | | |
| 7 | *** DELETED: FILING ERROR *** | | |
| 8 | **RJI -RE: OTHER** Letter/Correspondence | Hubbuch, E. (Pro Hac / Pro Se) Filed: 12/12/2024 Received: 12/12/2024 | **Processed** Confirmation Notice Payment Receipt |
| 9 | **COMPLAINT (AMENDED)** Plaintiff's Amended Complaint for Defamation, with Updated Legal Arguments and Prayer for Relief, pu ... show more | Hubbuch, E. (Pro Hac / Pro Se) Filed: 12/12/2024 Received: 12/12/2024 | **Processed** Confirmation Notice |
| 10 | **NOTICE OF MOTION** (Motion #1) Notice of Motion for Alternative Service on Defendant Funding Metrics LLC. | Hubbuch, E. (Pro Hac / Pro Se) Filed: 12/15/2024 Received: 12/15/2024 | **Processed** Confirmation Notice Payment Receipt |
| 11 | **AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION** (Motion #1) Affirmation in Support of Motion for Alternative Service under CPLR 308(5). | Hubbuch, E. (Pro Hac / Pro Se) Filed: 12/15/2024 Received: 12/15/2024 | **Processed** Confirmation Notice |
| 12 | **EXHIBIT(S)** - A (Motion #1) Affidavit of Process Server Regarding Non-Service Attempts on Funding Metrics LLC. | Hubbuch, E. (Pro Hac / Pro Se) Filed: 12/15/2024 Received: 12/15/2024 | **Processed** Confirmation Notice |
| 13 | **AFFIRMATION/AFFIDAVIT OF SERVICE** Affidavit of Service from process server for Defendant Christopher R. Murray | Hubbuch, E. (Pro Hac / Pro Se) Filed: 12/15/2024 Received: 12/15/2024 | **Processed** Confirmation Notice |
| 14 | **LETTER / CORRESPONDENCE TO JUDGE** Request for Judicial Notice of Grievances Filed Against Defendant ... | Hubbuch, E. (Pro Hac / Pro Se) | **Processed** Confirmation Notice |

Hon. Nancy T. Sunshine
Kings County Clerk and Clerk of the Supreme Court

Kings County Clerk's Office
360 Adams St., Rm 189
Brooklyn, NY 11201
Phone: 347-404-9762
kcco-efile@nycourts.gov

Motion Support Office
347-401-9249

E-Filing Resources
Kings County E-file Protocol

Welcome to New York State Courts Electronic Filing System for Kings County. Please refer to the E-file protocol explaining procedures in Kings County regarding e-filed cases. Thank you.
Kings County Clerk Website

Christopher R. Murray, with Exhibit ... *show more*

Filed: 12/16/2024
Received: 12/16/2024

**15** NOTICE OF MOTION
*Notice of Motion for Expedited Discovery requesting an order to preserve evidence, including emails, ... show more*

Returned For
Correction

↵ **Refile Document**

**16** AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION
*Affirmation in support of Plaintiff's Motion for Expedited Discovery, outlining the factual and lega ... show more*

Hubbuch, E. (Pro Hac /
Pro Se)
Filed: 01/02/2025
Received: 01/02/2025

Processed
Confirmation Notice

**17** ORDER ( PROPOSED )
*Proposed Order granting Plaintiff's Motion for Expedited Discovery, directing Defendants to produce ... show more*

Returned For
Correction

↵ **Refile Document**

**18** NOTIFICATION FROM COURT

Court User
Filed: 01/02/2025
Received: 01/02/2025

Processed
Confirmation Notice

**19** AFFIRMATION
*Supplemental Affirmation in Support of Plaintiff's Defamation Claim New Evidence of Arbitrators Recu ... show more*

Hubbuch, E. (Pro Hac /
Pro Se)
Filed: 01/06/2025
Received: 01/06/2025

Processed
Confirmation Notice

**20** EXHIBIT(S) - A&B
*Exhibit A Plaintiffs Recusal Request Dated December 14, 2024; Exhibit B -- Arbitrators Recusal Deci ... show more*

Hubbuch, E. (Pro Hac /
Pro Se)
Filed: 01/06/2025
Received: 01/06/2025

Processed
Confirmation Notice

**21** NOTICE OF MOTION (Motion #2)

Murray, C.
Filed: 01/06/2025
Received: 01/06/2025

Processed
Confirmation Notice
Payment Receipt

**22** MEMORANDUM OF LAW IN SUPPORT (Motion #2)

Murray, C.
Filed: 01/06/2025
Received: 01/06/2025

Processed
Confirmation Notice

**23** AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION (Motion #2)

Murray, C.
Filed: 01/06/2025
Received: 01/06/2025

Processed
Confirmation Notice

**24** EXHIBIT(S) - A (Motion #2)
*Judge Velasquez's Order Dismissing Hubbuch Action #1 dated December 4, 2024*

Murray, C.
Filed: 01/06/2025
Received: 01/06/2025

Processed
Confirmation Notice

**25** EXHIBIT(S) - B (Motion #2)
*Hubbuch's E-mail to Arbitrator Bock and Arbitration Administrator Pepe dated November 22, 2024*

Murray, C.
Filed: 01/06/2025
Received: 01/06/2025

Processed
Confirmation Notice

**26** EXHIBIT(S) - C (Motion #2)
*Order to Show Cause denying Hubbuch's requested TRO entered November 15, 2024*

Murray, C.
Filed: 01/06/2025
Received: 01/06/2025

Processed
Confirmation Notice

**27** EXHIBIT(S) - D (Motion #2)
*Judge Snyder's December 18, 2024, Withdrawal E-mail*

Murray, C.
Filed: 01/06/2025
Received: 01/06/2025

Processed
Confirmation Notice

**28** EXHIBIT(S) - E (Motion #2)
*Director Bock's December 16, 2024 E-mail re: Hubbuch's threats*

Murray, C.
Filed: 01/06/2025
Received: 01/06/2025

Processed
Confirmation Notice

**29** EXHIBIT(S) - F (Motion #2)
*Hubbuch's Summons and Complaint dated December 5, 2024*

Murray, C.
Filed: 01/06/2025
Received: 01/06/2025

Processed
Confirmation Notice

**30** EXHIBIT(S) - H (Motion #2)
*The Arbitration Administrator's Letter and Arbitrator Bock's Order December 5, 2024*

Murray, C.
Filed: 01/06/2025
Received: 01/06/2025

Processed
Confirmation Notice

**31** EXHIBIT(S) - I (Motion #2)
*Hubbuch's threats and demands to Judge Snyder dated December 14, 2024*

Murray, C.
Filed: 01/06/2025
Received: 01/06/2025

Processed
Confirmation Notice

**32** EXHIBIT(S) - J (Motion #2)
*Hubbuch's Extortionate December for $2,000,000 dated December 22, 2024*

Murray, C.
Filed: 01/06/2025
Received: 01/06/2025

Processed
Confirmation Notice

**33** EXHIBIT(S) - K (Motion #2)
*Attorneys' Fee Statement through January 6, 2025 for Murray's Requested Anti-SLAPP award*

Murray, C.
Filed: 01/06/2025
Received: 01/06/2025

Processed
Confirmation Notice

**34** AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION (Motion #2)
*Affirmation in Opposition to Defendants' Motion to Dismiss and Anti-SLAPP Request, and Demand for Sa ... show more*

Hubbuch, E. (Pro Hac /
Pro Se)
Filed: 01/06/2025
Received: 01/06/2025

Processed
Confirmation Notice

**35** NOTICE OF CROSS-MOTION (Motion #3)
*Notice of Cross-Motion to Strike Defendants' Motion to Dismiss and Anti-SLAPP Request, Strike Exhibi ... show more*

Hubbuch, E. (Pro Hac /
Pro Se)
Filed: 01/07/2025
Received: 01/07/2025

Processed
Confirmation Notice
Payment Receipt

**36** AFFIDAVIT OR AFFIRMATION IN SUPPORT OF CROSS-MOTION (Motion #3)
*Affirmation in Support of Cross-Motion to Strike Defendants' Motion to Dismiss, Strike Exhibit, and ... show more*

Hubbuch, E. (Pro Hac /
Pro Se)
Filed: 01/07/2025
Received: 01/07/2025

Processed
Confirmation Notice

**37** EXHIBIT(S) - A (Motion #3)

Hubbuch, E. (Pro Hac /

Processed

| | | |
|---|---|---|
| **37** EXHIBIT(S) - A (Motion #3)<br>Grievance Committee Letter Acknowledging Plaintiffs Complaint<br>and Invitation to Re-File After Litiga ... *show more* | Hubbuch, E. ( Pro Hac /<br>Pro Se)<br>Filed: 01/07/2025<br>Received: 01/07/2025 | **Processed**<br>Confirmation Notice |
| **38** ORDER - OTHER (Motion #1)<br>dated 1/8/25 | Court User<br>Filed: 01/10/2025<br>Received: 01/10/2025 | **Processed**<br>Confirmation Notice |
| **39** SUMMONS-SUPPLEMENTAL (POST RJI) | Murray, C.<br>Filed: 01/10/2025<br>Received: 01/10/2025 | **Processed**<br>Confirmation Notice |
| **40** ANSWER WITH COUNTER-CLAIM(S) | Murray, C.<br>Filed: 01/10/2025<br>Received: 01/10/2025 | **Processed**<br>Confirmation Notice |
| **41** EXHIBIT(S) - A<br>Agreement | Murray, C.<br>Filed: 01/10/2025<br>Received: 01/10/2025 | **Processed**<br>Confirmation Notice |
| **42** EXHIBIT(S) - B<br>Transaction History | Murray, C.<br>Filed: 01/10/2025<br>Received: 01/10/2025 | **Processed**<br>Confirmation Notice |
| **43** EXHIBIT(S) - C<br>Hubbuch's November 3, 2024 extortionate demand | Murray, C.<br>Filed: 01/10/2025<br>Received: 01/10/2025 | **Processed**<br>Confirmation Notice |
| **44** NOTICE OF MOTION (Motion #4)<br>Notice of Motion to Dismiss Counterclaims and Strike Defendants'<br>Pleadings | Hubbuch, E. (Pro Hac /<br>Pro Se)<br>Filed: 01/10/2025<br>Received: 01/10/2025 | **Processed**<br>Confirmation Notice<br>Payment Receipt |
| **45** AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION (Motion<br>#4)<br>Affirmation in Support of Motion to Dismiss Counterclaims with<br>Request for Sanctions | Hubbuch, E. (Pro Hac /<br>Pro Se)<br>Filed: 01/10/2025<br>Received: 01/10/2025 | **Processed**<br>Confirmation Notice |
| **46** AFFIRMATION/AFFIDAVIT OF SERVICE<br>Aff. of Service re: Memphis Seoul, LLC | Murray, C.<br>Filed: 01/14/2025<br>Received: 01/14/2025 | **Processed**<br>Confirmation Notice |
| **47** AFFIRMATION/AFFIDAVIT OF SERVICE | Murray, C.<br>Filed: 01/14/2025<br>Received: 01/14/2025 | **Processed**<br>Confirmation Notice |
| **48** LETTER / CORRESPONDENCE TO JUDGE<br>Plaintiff's Letter to Court Regarding Defendants' Improper<br>Counterclaims and Request for Dismissal, ... *show more* | Hubbuch, E. (Pro Hac /<br>Pro Se)<br>Filed: 01/17/2025<br>Received: 01/17/2025 | **Processed**<br>Confirmation Notice |
| **49** PROOF OF SERVICE<br>Proof of service for Funding Metrics LLC through NY Secretary of<br>State, Division of Corporations. | Hubbuch, E. (Pro Hac /<br>Pro Se)<br>Filed: 01/24/2025<br>Received: 01/24/2025 | **Processed**<br>Confirmation Notice |
| **50** AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO CROSS-MOTION<br>AND IN FURTHER SUPPORT OF MOTION (Motion #2) | Murray, C.<br>Filed: 01/29/2025<br>Received: 01/29/2025 | **Processed**<br>Confirmation Notice |
| **51** AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO CROSS-MOTION<br>AND IN FURTHER SUPPORT OF MOTION (Motion #3) | Murray, C.<br>Filed: 01/29/2025<br>Received: 01/29/2025 | **Processed**<br>Confirmation Notice |
| **52** AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION<br>(Motion #4) | Murray, C.<br>Filed: 01/29/2025<br>Received: 01/29/2025 | **Processed**<br>Confirmation Notice |
| **53** AFFIDAVIT OR AFFIRMATION IN FURTHER SUPPORT OF CROSS-<br>MOTION (Motion #2)<br>Plaintiffs Reply Affirmation in Further Support of Cross-Motion to<br>Strike Defendants Anti-SLAPP Moti ... *show more* | Hubbuch, E. (Pro Hac /<br>Pro Se)<br>Filed: 01/29/2025<br>Received: 01/29/2025 | **Processed**<br>Confirmation Notice |
| **54** AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION (Motion<br>#4)<br>Plaintiffs Reply Affirmation in Further Support of Motion to<br>Dismiss Defendants Counterclaims and St ... *show more* | Hubbuch, E. (Pro Hac /<br>Pro Se)<br>Filed: 01/30/2025<br>Received: 01/30/2025 | **Processed**<br>Confirmation Notice |
| **55** EXHIBIT(S) - A (Motion #4)<br>Plaintiff's redacted federal tax return proving their status as a<br>sole proprietor | Hubbuch, E. (Pro Hac /<br>Pro Se)<br>Filed: 01/30/2025<br>Received: 01/30/2025 | **Processed**<br>Confirmation Notice |
| **56** ORDER - MOTION- SHORT FORM (Motion #2)<br>dated 2/5/25 | Court User<br>Filed: 02/07/2025<br>Received: 02/07/2025 | **Processed**<br>Confirmation Notice |
| **57** NOTICE OF ENTRY | Murray, C.<br>Filed: 02/07/2025<br>Received: 02/07/2025 | **Processed**<br>Confirmation Notice |
| **58** JUDGMENT -TO COUNTY CLERK (PROPOSED) *Corrected*<br>Dismissal Judgment | Murray, C.<br>Filed: 02/07/2025<br>Received: 02/10/2025 | **Processed**<br>Confirmation Notice |
| **59** NOTICE OF MOTION (Motion #5) *Corrected*<br>Motion for Reconsideration of the Courts February 7, 2025, Order<br>due to procedural errors, due proce ... *show more* | Hubbuch, E. (Pro Hac /<br>Pro Se)<br>Filed: 02/07/2025<br>Received: 02/10/2025 | **Processed**<br>Confirmation Notice<br>Payment Receipt |

**60** AFFIDAVIT OR AFFIRMATION IN SUPPORT (Motion #5)
Plaintiffs Affirmation in Support of Motion for Reconsideration
(CPLR 2221(d) & (e))

Hubbuch, E. (Pro Hac /
Pro Se)
Filed: 02/09/2025
Received: 02/09/2025

**Processed**
**Confirmation Notice**

**61** JUDGMENT
JUDGMENT entered in the office of the County Clerk on February
10, 2025

Court User
Filed: 02/10/2025
Received: 02/10/2025

**Processed**
**Confirmation Notice**

**62** LETTER / CORRESPONDENCE TO JUDGE (Motion #5)
Plaintiffs Letter Objecting to Improper Motion Reclassification &
Rushed Judgment Entry; Request for    show more

Hubbuch, E. (Pro Hac /
Pro Se)
Filed: 02/10/2025
Received: 02/10/2025

**Processed**
**Confirmation Notice**

**63** NOTICE OF ENTRY

Murray, C.
Filed: 02/10/2025
Received: 02/10/2025

**Processed**
**Confirmation Notice**

NYSCEF   E-mail: nyscef@nycourts.gov   Phone: (646) 386-3033   Fax: (212) 401-9146

| Websites | File Documents | Cases | Resources | My Account | Help | Support |
|----------|---------------|-------|-----------|-----------|------|---------|

Revised 02.13.2025; Effective 02.17.2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Edward B. Hubbuch

**(b)** County of Residence of First Listed Plaintiff    Kings
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
Charles Small, Joseph Leddo,
Britney Redd and John Doe(s)

County of Residence of First Listed Defendant    Kings
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☒ 3   Federal Question *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Civil rights violations under 42 U.S.C. § 1983

Brief description of cause:
Defendants in their official roles acting under the color of state law denied Plaintiff his 14th Amendment rights to due process and equal protection.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   GINA ABADI, Kings County Supreme Court    DOCKET NUMBER   KCSC - Index No. 533031/2024

DATE
February 21, 2025

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _____, counsel for _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,

☐ the complaint seeks injunctive relief, or

☐ the matter is otherwise ineligible for the following reason:

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you must select Office Code 2.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? ☐ Yes ☐ No

2. Is the action—not involving real property—being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? ☐ Yes ☐ No

3. If you answered "No" to all parts of Questions 1 and 2:

    a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? ☐ Yes ☐ No

    b. Do the majority of defendants reside in Nassau or Suffolk County? ☐ Yes ☐ No

    c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? ☐ Yes ☐ No

4. If this is a Fair Debt Collection Practice Act case, was the offending communication received in either Nassau or Suffolk County? ☐ Yes ☐ No

*(Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☐ Yes   ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes (If yes, please explain)   ☐ No

I certify the accuracy of all information provided above.

**Signature:** _____

Revised 02.13.2025; Effective 02.17.2025

# DEFENDANTS' ADDRESSES

**Charles Small**
Kings County Supreme Court
Civil Term Clerk's Office
360 Adams Street
Brooklyn, New York 11201

**Joseph Leddo**
Kings County Supreme Court
Civil Term Clerk's Office
360 Adams Street
Brooklyn, New York 11201

**Britney Redd**
Kings County Supreme Court
Civil Term Clerk's Office
360 Adams Street
Brooklyn, New York 11201

**John Doe(s)**
Kings County Supreme Court
Civil Term Clerk's Office
360 Adams Street
Brooklyn, New York 11201

REC'D IN PRO SE OFFICE
FEB 24 '__ 5 PM1:07