UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EDWARD HUBBUCH,

                      Plaintiff,

        - against -

CHALES SMALL, *in his official capacity, et al.*,

                      Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-1003 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

        Plaintiff Edward Hubbuch ("Plaintiff" or "Hubbuch") brings this *pro se* action against Charles Small ("Small") in his official capacity as Chief Clerk of Kings County Supreme Court, Joseph Leddo ("Leddo") in his official capacity as Deputy Chief Clerk of Kings County Supreme Court, Britney Redd ("Redd") in her official capacity as Clerical Assistant for Kings County Supreme Court, and unknown John Doe employees of the Kings County Supreme Court Clerk's Office, for alleged constitutional violations arising out their treatment of an underlying lawsuit Plaintiff filed in state court. (Compl., Dkt. 1, ¶¶ 7–11, 42–50.) For the reasons explained herein, the Court *sua sponte* dismisses Plaintiff's action with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court respectfully requests that the Clerk of Court enter judgment and close this case.

**BACKGROUND**

**I.   Factual Background**[1]

In 2024, Plaintiff brought a *pro se* action in Kings County Supreme Court ("the State Court"). (Compl., Dkt. 1, ¶ 12 (citing *Hubbuch v. Funding Metrics LLC*, No. 533031/2024 (Kings Cnty. Sup. Ct.) ("the State Court Action")).) New York State Supreme Court Justice Gina Abadi ("Justice Abadi") presided over the State Court Action. (*See* Show Cause Resp., Dkt. 6, ¶ 8.) On February 7, 2025, Justice Abadi granted a motion to dismiss the State Court Action. (Compl., Dkt. 1, ¶ 13; *see also id.* at ECF[2] 35.) Plaintiff filed a motion for reconsideration that same day. (*Id.* ¶ 13.) Plaintiff submitted his motion for reconsideration through the New York State Courts Electronic Filing System ("NYSCEF"). (*Id.*) On February 10, 2025, at 8:16 a.m., the State Court Clerk's Office ("the Clerk's Office" [3]) issued a notice that Plaintiff's motion for reconsideration was incorrectly filed, and that Plaintiff needed to make corrections to his filing. (*Id.* at ECF 29.) Plaintiff re-filed a corrected motion for reconsideration. (*Id.* ¶ 15.) Soon after, Plaintiff received notice through NYSCEF that Britney Redd ("Redd"), an employee in the Clerk's Office, had reclassified Plaintiff's motion for reconsideration as a motion to vacate, and changed the return

---

[1] The following facts are derived from Plaintiff's Complaint and the exhibits attached thereto, (*see* Compl., Dkt. 1), as well as additional exhibits attached to Plaintiff's Response to the Court's Show Cause Order, (Dkt. 6). *Kyi v. 4C Food Corp.*, No. 22-CV-6301 (PKC) (LB), 2024 WL 3028954, at *3 (E.D.N.Y. June 17, 2024) ("[W]hen a plaintiff proceeds *pro se*, a court may consider 'materials outside of the complaint,' including materials attached to the complaint or otherwise submitted by plaintiff to the Court." (quoting *Ceara v. Deacon*, 68 F. Supp. 3d 402, 410–11 (S.D.N.Y. 2014))). Further, courts must liberally construe a *pro se* plaintiff's pleadings. *Sealed Pl. v. Sealed Def.*, 537 F.3d 185, 191 (2d Cir. 2008).

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[3] For the purpose of this Memorandum & Order, this Court uses the "Clerk's Office" to mean either the "Motion Department of Kings County Supreme Court" or the "Clerk's Office" of the same, as referenced in Plaintiff's Complaint. (*See, e.g.,* Compl., Dkt. 1, ¶ 30.)

date for the motion from Plaintiff's requested return date (February 28, 2025) to May 7, 2025. (*Id.* ¶ 16; *see also id.* at ECF 32.) Later that day, the Clerk's Office entered a judgment of dismissal in the State Court Action pursuant to Justice Abadi's dismissal order. (*Id.* at ECF 35–36.)

On the afternoon of February 10, 2025, the State Court processed a Notice of Entry[4] that the defense attorney in the State Court Action had filed on February 7, 2025, formally notifying Plaintiff that Justice Abadi had dismissed the State Court Action. (*Id.* ¶ 24; *see also id.* at ECF 41, 43.) Later the same afternoon, Plaintiff filed a letter in the State Court Action protesting what he believed were procedural irregularities in the case—namely, Redd changing the NYSCEF classification of his motion to a "motion to vacate" and changing the return date, as well as the Clerk's Office's acceptance of defense counsel's Notice of Entry filing, which Plaintiff believed was premature. (*Id.* ¶ 28; *id.* at ECF 46–48.) He further requested "an immediate hearing to address these due process violations and procedural irregularities" and reserved the right to file a formal complaint against Justice Abadi with the Commission on Judicial Conduct. (*Id.* at ECF 48.)

Two days later, on February 12, 2025, Plaintiff visited the Clerk's Office and asked an employee if he could ask "who in the office had ordered the improper NYSCEF changes in his case." (*Id.* ¶ 30.) The employee declined to share any such information. (*Id.* ¶ 31.) Plaintiff continued questioning the employee, who allegedly told Plaintiff that the Clerk's Office was "in the process of" reclassifying Plaintiff's motion back to a motion for reconsideration, instead of a motion to vacate. (*Id.*) On February 13, 2025, Plaintiff's motion was reclassified back to a motion for reconsideration. (*Id.* ¶ 32.)

---

[4] A "notice of entry" formally notifies a party of an order or judgment in New York State Supreme Court. *See People v. Walters*, 997 N.Y.S.2d 252, 254 (N.Y. Crim. Ct. 2014) ("A notice of entry in [a] civil matter provides notice to affected parties of the decision and/or judgment of the court."). The time to file an appeal of a state court order begins running once the notice of entry is filed. 4 N.Y. Jur. 2d Appellate Review § 213.

Subsequently, Plaintiff tried to "escalate the issue by exercising his civil right to direct contact with court administrators—including Defendants Charles Small and Joseph Leddo. (*Id.* ¶ 34.) These efforts included repeated visits to the State Court, where he tried to meet with Leddo and Small. (*Id.* ¶ 35.) When he tried to meet with Small, a court security officer informed Plaintiff that the only way to request an appointment with Small was via email. (*Id.* ¶ 36.) Plaintiff instead attempted to submit a written request for an appointment with Small. (*See id.* ¶¶ 36–37.) On February 18, 2025, Plaintiff sent an email requesting an appointment with Small, to which he has not received a response. (*Id.* ¶ 38.) On February 24, 2025, Plaintiff also filed an Order to Show Cause in the State Court Action, "seeking urgent relief" from what he viewed as "procedural irregularities in his case." (Show Cause Resp., Dkt. 6, ¶ 22.)

On March 2, 2025, Plaintiff filed a misconduct complaint against Justice Abadi with the New York State Commission on Judicial Misconduct.[5] (*Id.* ¶ 12; *id.* at ECF 52–59.) He also filed a copy of the judicial misconduct complaint on the docket in the State Court Action. (*Id.* ¶ 12.) The following day, March 3, 2025, the State Court's Chief Administrative Judge ordered that the misconduct complaint filed on the docket in the State Court Action be sealed. (*Id.* ¶ 13.) On March 4, 2025, Plaintiff filed a motion to unseal the judicial misconduct complaint. (*Id.* ¶ 14.) That motion was assigned to Justice Abadi. (*Id.*) Plaintiff then filed a motion to have his motion to unseal reassigned to a different judge. (*Id.* ¶ 15.)

---

[5] Plaintiff's filing of the judicial misconduct complaint against Justice Abadi and the events that followed took place after the Complaint in this action was filed. (*See* Compl., Dkt. 1 (filed February 21, 2025).) Ordinarily, in the absence of an amended or supplemental complaint, the Court would not consider events that took place after the filing of the complaint before the Court. *See Proctor v. LeClaire*, 715 F.3d 402, 412 (2d Cir. 2013) ("Acts committed after the filing of the complaint are not within the scope of the plaintiff's claim."). However, because Plaintiff is proceeding *pro se* here, the Court considers the additional allegations contained in his Show Cause Order Response. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471 (2d Cir. 2006) (holding that *pro se* plaintiffs must be granted "special solicitude").

On March 5, 2025, Justice Abadi held a motion hearing for Plaintiff's February 24, 2025 Show Cause Order in the State Court Action. (Show Cause Resp., Dkt. 6, ¶¶ 8, 22.) At that hearing, Plaintiff stated that he did not "understand why [his] motion for reconsideration was changed to a motion to vacate and then the return date was pushed out to May 7th." (*Id.* at ECF 23.) Justice Abadi explained to Plaintiff that a motion for reconsideration does not exist in the Civil Practice Law & Rules for New York, and that it does not matter how a motion is classified in NYSCEF, because she rules based on the substance of the motion papers, not their classification in NYSCEF. (*Id.* at ECF 23, 35.) Justice Abadi further explained that she did not know why the return date on his motion was changed, but that return dates are often moved because "there's a cap o[n] how many cases [she] can hear each day," and if the desired date is already full, the return date is changed to the next available date. (*Id.* at ECF 32–33.) Nonetheless, Justice Abadi agreed to advance the hearing date for Plaintiff's motion for reconsideration to the extent that her schedule allowed. (*Id.*)

On March 7, 2025, a docket entry was entered in error in the State Court Action, and then was removed. (*Id.* ¶¶ 17–19.) State Court Deputy Clerk Craig Schatzman emailed Plaintiff to explain that the March 7, 2025 docket order had been incorrectly entered. (*Id.* ¶ 20.)

## II.  Procedural History

Plaintiff filed the instant Complaint on February 21, 2025, bringing claims pursuant to 42 U.S.C. § 1983 for alleged violations of his Fourteenth Amendment rights to due process and equal protection, as well as conspiracy to violate his constitutional rights. (Compl., Dkt. 1, ¶¶ 42–50.) He seeks declaratory, injunctive, and compensatory relief. (*Id.* at ECF 19.) On February 26, 2025, this Court issued a Show Cause Order directing Plaintiff to show cause "why his claims are not

5

barred by the doctrine of quasi-judicial immunity." (2/26/2025 Dkt. Order.) On March 14, 2025, Plaintiff filed his response to the Show Cause Order.[6] (Show Cause Resp., Dkt. 6.)

## DISCUSSION

Plaintiff's claims are barred by the doctrine of quasi-judicial immunity. Judges generally have absolute immunity from suit with respect to judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (summary order) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." (quoting *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009))). In addition, "private actor[s] may be afforded the absolute immunity ordinarily accorded judges acting within the scope of their jurisdictions if . . . the private actor's acts are integrally related to an ongoing judicial proceeding." *Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004) (citation omitted). This absolute immunity, known as quasi-judicial immunity, "may attach to non-judicial officers and employees where the individual serves as an 'arm of the court,' or where the individual conducts 'activities that are inexorably connected with the execution of [court] procedures and are analogous to judicial action.'" *McKnight v. Middleton*, 699 F. Supp. 2d 507, 527 (E.D.N.Y. 2010) (quoting *Scotto v. Almenas,* 143 F.3d 105, 111 (2d Cir. 1998)), *aff'd*, 434 F. App'x 32 (2d Cir. 2011) (summary order). Thus, "[j]udicial immunity has been extended to court clerks and 'others who perform functions closely associated with the judicial process' when they are performing discretionary acts of a judicial nature which are essential to the judicial process, such as filing court documents or managing a court's calendar." *Almonte v. Geraci*, No. 21-CV-6960

---

[6] The Court notes that this Court's Clerk's Office initially mis-filed Plaintiff's Show Cause Response into another pending case that Plaintiff has filed in this District. (*See* 3/24/2025 Dkt. Entry (explaining that the Show Cause Response "was inadvertently filed in error under another active civil action filer has open with Judge Chen as presider").) Plaintiff was not prejudiced by this error, which has been corrected.

(LLS), 2021 WL 4776268, at *3 (S.D.N.Y. Oct. 8, 2021) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)) (collecting cases); *see also Weiner v. State*, 710 N.Y.S.2d 325, 327 (N.Y. App. Div. 2000) ("The normal work of a court clerk who participates in the processing of legal proceedings is generally viewed as 'quasi-judicial,' thereby cloaking the clerk with judicial immunity.").

Here, Plaintiff brings claims against Small, the Chief Clerk of the State Court; Leddo, a Deputy Chief Clerk of the State Court; Redd, a clerical assistant in the Clerk's Office; and unknown John Doe employees of the State Court Clerk's Office.[7] (Compl., Dkt. 1, ¶¶ 7–11, 42–50.) Liberally construing Plaintiff's Complaint, his claims stem from (1) Redd reclassifying his motion on NYSCEF from a "motion for reconsideration" to a "motion to vacate," (2) Redd changing the return date of Plaintiff's motion for reconsideration from February 28, 2025, to May 7, 2025, (3) Small and Leddo refusing to meet with Plaintiff about the return date and re-classification of his motion, (4) an unknown Clerk's Office employee refusing to tell Plaintiff who had directed Redd to reclassify his motion on NYSCEF, and (5) the State Court's acceptance of the Notice of Entry for filing in the State Court Action. (Compl., Dkt. 1, ¶¶ 16, 24, 30, 35–37, 44, 47, 49–50.)

Generally speaking, Plaintiff's claims "arise from the processing of his case, a task that is an integral part of the judicial process." *Warren v. PVH Corp.*, No. 22-CV-851 (LTS), 2022 WL 1294439, at *5 (S.D.N.Y. Apr. 29, 2022). Courts have inherent power to control their docket

---

[7] Plaintiff has not brought claims against Justice Abadi or Deputy Clerk Schatzman, and so the Court does not address any such claims. (*See* Compl., Dkt. 1.) However, if Plaintiff were to seek to amend his Complaint to bring claims against Justice Abadi, Deputy Clerk Schatzman, or any other State Court Justice or Clerk's Office employee, based on the facts currently before the Court, those claims would undoubtedly fail for the same reasons that Plaintiff's instant claims fail—that is, they would be barred either by judicial or quasi-judicial immunity.

as "part of [their] function of resolving disputes between parties." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). "[J]udges and their supporting staff are afforded absolute immunity" for actions taken in service of that function, including scheduling hearings and docketing parties' filings. *Id.*; *see also Caldwell v. James*, No. 14-CV-5384 (JS) (ARL), 2015 WL 427980, at *4 (E.D.N.Y. Jan. 30, 2015) ("[T]he clerk of the court and deputy clerks are shielded by an absolute quasi-judicial immunity, particularly when they perform tasks that are an integral part of the judicial process." (internal citations omitted)); *Washington v. United States*, No. 21-CV-9518, at *3 (LTS), 2022 WL 357276 (S.D.N.Y. Feb. 7, 2022) (holding that court clerks and other judicial employees have absolute immunity "when they are performing discretionary acts of a judicial nature which are essential to the judicial process, such as filing court documents or managing a court's calendar"); *Warren*, 2022 WL 1294439, at *5 (same); *Hudson v. Forman*, No. 19-CV-9637 (CM), 2019 WL 6312004, at *3 (S.D.N.Y. Nov. 25, 2019) (same); *Pikulin v. Gonzales*, No. 07-CV-0412 (CBA), 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007) (similar). Plaintiff's claims here arise from the filing of documents and scheduling of motion hearings in the State Court Action—tasks that are part of the "processing of his case." *Warren*, 2022 WL 1294439, at *5. As a result, the Defendants are entitled to quasi-judicial immunity, and Plaintiff's claims are barred.

## LEAVE TO AMEND

Given the Second Circuit's guidance that a *pro se* complaint should not be dismissed without leave to amend unless amendment would be futile, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted in this case. Here, even if Plaintiff's claims were not barred by immunity, they would fail to state a claim. None of Plaintiff's allegations come close to stating a civil rights violation. Instead, he seems to have filed this suit as a result of his dissatisfaction with the State Court's dismissal of the State

Court Action. "The proper avenue [for] . . . review [of a state court's actions] is a state court appeal, not a federal lawsuit." *Commins v. Habberstad BMW*, No. 11-CV-2419 (JFB) (WDW), 2012 WL 956185, at *7 n.8 (E.D.N.Y. Mar. 20, 2012). Indeed, "Plaintiff has utterly failed to allege any facts that could state a plausible claim against [any Defendant, or would-be defendants, in this case] for any constitutional violations, or any other theory of liability, that could survive a motion to dismiss." *Id.* Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is denied.

## CONCLUSION

Plaintiff's claims are barred by the doctrine of quasi-judicial immunity. The Complaint, therefore, is dismissed with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Bartolini v. Mongelli*, No. 17-CV-6276 (PKC) (SJB), 2018 WL 6333827, at *10 (E.D.N.Y. Nov. 7, 2018), *report and recommendation adopted as modified*, No. 17-CV-06276 (PKC) (SJB), 2018 WL 6338771 (E.D.N.Y. Dec. 4, 2018) (dismissing claims with prejudice under Rule 12(b)(6) on the grounds of quasi-judicial immunity). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 14, 2025
      Brooklyn, New York

9